IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DAVID MICHAEL ANDERSON                                             PETITIONER
Reg. #14902-078

V.                              NO.  2:10-cv-00005 JLH-JWC

T.C. OUTLAW, Warden,                                               RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3.   An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

David Anderson, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1).[1] Respondent has filed a response (doc. 16). For the reasons that follow, the petition should be **denied** without prejudice due to Petitioner's failure to exhaust his administrative remedies.

I.

Petitioner is serving a forty-eight-month sentence in federal prison for use of a communication facility to facilitate the commission of a felony, arising out of the United States District Court, Eastern District of Texas. He alleges that the BOP has failed to calculate his sentence correctly by denying him credit for prior time served in custody. He

---

[1] Petitioner initially filed this as a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence in the United States District Court for the Eastern District of Texas. That Court construed it as a 28 U.S.C. § 2241 habeas petition and transferred it to this District, where he is incarcerated (doc. 4).

states that, "when the Federal Government placed a detainer on [him], his ability and right to seek a liberty interest were compromised, and therefore any and all time that [he] has served since his [federal] indictment on 11-15-07 should be counted as prior jail/penal credit" toward his federal sentence. He seeks credit for the period from November 15, 2007, to November 7, 2008, and asks the Court to instruct the BOP "to re-calculate [his] projected outdate to that of the true and correct date."

Respondent argues that the § 2241 petition should be dismissed because Petitioner has failed to exhaust his administrative remedies within the BOP regarding the calculation of his federal sentence.

The Attorney General, through the BOP, is responsible for computing whether credit should be given for time spent in custody prior to commencement of a federal sentence. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *see* 18 U.S.C. § 3585(b). This is a determination "properly left to the [BOP]." *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). If an inmate disagrees with any aspect of the BOP's computation of his federal term of imprisonment, the proper avenue for relief is administratively through the BOP, *followed by* judicial review under 28 U.S.C. § 2241. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). The law is well-settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas relief. *Wilson*, 503 U.S. at 335; *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *Pardue*, 363 F.3d at 699; *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *Willis v. Ciccone*, 506 F.2d 1011, 1014-15 (8th Cir. 1974).

The BOP administrative remedy program is a tiered process by which a federal prisoner may seek "review of an issue which relates to any aspect of his/her own confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to resolve the issue informally with institutional staff. *Id.* § 542.13(a). If this fails or is waived, an inmate must submit a formal written administrative remedy request (BP-9) to the appropriate institutional staff member within twenty days of the date on which the basis for the request occurred. *Id.* § 542.14. If the inmate is not satisfied with the staff response, he may appeal (BP-10) to the appropriate Regional Director within twenty days, and, if not satisfied with that response, the inmate may appeal (BP-11) the decision to the Office of General Counsel within thirty days. *Id.* § 542.15. An appeal to the General Counsel is the final step in administrative exhaustion. *Id.*

Respondent submits documentation showing that Petitioner has never utilized the BOP's formal administrative process to challenge the computation of his sentence or of any credits for time spent in prior custody (doc. 16-2, at 2, 22). In response to the non-exhaustion assertion, Petitioner first sought leave to supplement the record and an extension of time to reply (docs. 19, 23). This was granted (doc. 20). He then sought copies of certain BOP records (docs. 26, 27), which was granted in part, along with another extension of time to file a reply and any supplemental documents (docs. 29, 30). In addressing Petitioner's requests, Respondent reiterated that the "BOP has no record that Petitioner filed any request for administrative remedies" (doc. 32, at 2). Petitioner then sought a "stay" of proceedings, due to delays in reviewing his BOP records (doc. 34). He also asserted (doc. 33, at 3-4), that exhaustion of BOP remedies "only ... causes stalling of petitioner's quest" and that "full complete records" would only reveal that he is entitled

4

to relief. He asked that he not be "force[d] ... to commence an administrative remedy procedure," that the BOP only used the procedures "to get prisoners out of the way," and that "simple review and calculations will reveal [he] is correct." The Court declined to stay the proceedings, but granted Petitioner additional time to review pertinent BOP records and file his reply (doc. 35). He did not file a reply, and the time for doing so has expired.

Petitioner has not demonstrated proper utilization of the BOP's administrative procedures, and any belief that such pursuits would be obstructive or unsuccessful does not render the remedy futile. Before the federal court intervenes, he should be required to provide the BOP an opportunity to fully assess his claims regarding the computation of his sentence, an area committed to the BOP's determination. Under these circumstances, this § 2241 petition should be denied without prejudice to refiling after complete and proper exhaustion of the BOP's administrative remedies.

II.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1) should be **denied** without prejudice.

DATED this 21st day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE